UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DEANTHONY HART, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) )   No. 21-1030-JDT-cgc |
| LEONARD BROWN, ET AL., | ) ) ) |
| Defendants. | ) |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

Plaintiff Deanthony Hart, who is incarcerated at the Henderson County Justice Center (Jail) in Lexington, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Hart sues Captain Leonard Brown, Sergeant (Sgt.) Gina Pittman, Sgt. Emily Gronberg, Lieutenant Trina Smith, and Sgt. Judy Wiggins, all of whom are employed at the Jail.

In his complaint, Hart alleges he was "sitting down at the top of the upper deck on the [stairs]" requesting medical treatment. (ECF No. 1 at PageID 2.) Instead of providing medical treatment, Defendants allegedly subjected Hart to excessive force when they "rushed in & tased" him in his side, causing him to fall "face forward down the entire flight" of stairs and suffer injury. (*Id.*) Hart states he was transported to the Bolivar

General Hospital and from there to the Memphis Trauma Center. (*Id.*) He seeks compensatory damages. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at

2

383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

>  Hart filed his complaint pursuant to 42 U.S.C. § 1983, which provides:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

If Hart intends to sue the Defendants in their official capacities, such claims are treated as claims against Henderson County. Henderson County, however, may be held liable under § 1983 *only* if Hart's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal or county liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular

injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Hart does not allege he was injured due to an unconstitutional policy or custom of Henderson County; he therefore fails to state a claim against the Defendants in their official capacities.

Hart is, presumably, a pretrial detainee at the Jail; his claims of excessive against the Defendants in their individual capacities therefore must be analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Hart's complaint does not provide sufficiently detailed allegations for the Court to determine whether he can state a Fourteenth Amendment claim of excessive force. He alleges that he was sitting at the top of the stairs asking for medical treatment when the Defendants rushed in and tased him. He does not, however, explain the accompanying circumstances, such as what else was occurring at the time, why he needed medical treatment, whether the Defendants had given him any orders and, if so, whether he obeyed those orders, or how the Defendants could have perceived him as a threat. He also does not allege whether all five Defendants actually tased him or whether one or more were directing or merely observing the incident. Hart's complaint is therefore subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte

dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Hart should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Hart's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **March 31, 2021.**

Hart is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Hart fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE